NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENNETH SACHS,

No. 22-16175

Plaintiff-Appellant,

D.C. No. 2:22-cv-00244-SMB

v.

MEMORANDUM[*]

BARBARA KIFFMEYER,

Defendant-Appellee.

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted August 15, 2023[**]

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Kenneth Sachs appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising out of state child custody

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We may affirm on

any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2008). We affirm.

Dismissal of Sachs's 42 U.S.C. § 1983 claim was proper because it is barred by the applicable two-year statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (§ 1983 claims are governed by the forum state's statute of limitations for personal injury claims); *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999) (the statute of limitations for § 1983 claims in Arizona is two years).

The district court did not abuse its discretion by declining supplemental jurisdiction over Sachs's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendant's request for attorney's fees, set forth in the answering brief, is

denied without prejudice.  Sachs's pending requests, set forth in the opening and reply briefs, are denied.

**AFFIRMED.**